21-289-cv
*LeChase Construction v. Escobar Construction*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of February, two thousand twenty-two.

PRESENT:   JOSÉ A. CABRANES,
      GERALD E. LYNCH,
      DENNY CHIN,
        *Circuit Judges.*

---

LECHASE CONSTRUCTION SERVICES LLC,

     *Plaintiff-Counter-Defendant-Appellee,*      21-289-cv

     v.

ESCOBAR CONSTRUCTION, INC.,

     *Defendant-Counter-Claimant-Appellant*,

     v.

LIBERTY MUTUAL INSURANCE COMPANY,

     *Counter-Defendant.*[*]

---

[*] The Clerk of the Court is directed to amend the caption as set forth above.

**FOR PLAINTIFF-COUNTER-
DEFENDANT-APPELLEE:**                     Matthew D. Holmes, John W. Dreste,
                                          Ernstrom & Dreste, LLP, Rochester, NY.

**FOR DEFENDANT-COUNTER-
CLAIMANT-APPELLANT:**                     Scott H. Bernstein, Skolnick Legal Group,
                                          P.C., New York, NY.

Appeal from an order and judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Chief Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order and judgment of the District Court be and hereby are **AFFIRMED**.

LeChase Construction Services, LLC ("LeChase"), brought this action against Escobar Construction, Inc. ("Escobar"), its subcontractor, alleging that Escobar breached its subcontract to perform drywall work at a Cornell University student housing facility in Ithaca. Escobar counterclaimed, alleging LeChase failed to pay under the subcontract. The District Court on July 1, 2019, granted LeChase's motion to dismiss Escobar's counterclaims pursuant to Federal Rule of Civil Procedure 12(c), and on December 16, 2019, denied Escobar's motion for reconsideration. On February 10, 2020, pointing to Escobar's discovery failures, LeChase moved to strike Escobar's answer and for entry of default judgment pursuant to Federal Rule of Civil Procedure 37(b)(2). Despite three extensions of time, Escobar did not respond. On September 28, 2020, the District Court granted LeChase's motion, and on January 14, 2021, it entered judgment for LeChase. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The District Court did not abuse its discretion by entering a default judgment against Escobar. *See Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 451 (2d Cir. 2013) ("We generally review an entry of a default judgment [under Rule 37(b)(2)(A)(iv)] for abuse of discretion."). The District Court properly considered the applicable factors, which include "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *Funk v. Belneftekhim*, 861 F.3d 354, 366 (2d Cir. 2017) (citation and brackets omitted). Escobar asserts only a lack of prior warning. But between the two text orders stating that it had violated discovery mandates, and LeChase's motion for default judgment, which explicitly requested the very sanctions the District Court ultimate imposed, Escobar "cannot credibly argue that [it] was not sufficiently warned that serious sanctions were imminent." *Guggenheim Cap.*, 722 F.3d at 452–53 (affirming a default judgment sanction under similar circumstances).

2

We cannot consider Escobar's arguments regarding his counterclaims. "When a district court enters a final judgment in a case, interlocutory orders rendered in the case typically merge with the judgment for purposes of appellate review." *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 192 (2d Cir. 1999). Here, however, where default judgment was ordered "to punish a recalcitrant or evasive party," *In re Gravel*, 6 F.4th 503, 515 (2d Cir. 2021) (describing the purpose of Rule 37), "adherence to the merger rule would reward [Escobar] for dilatory and bad faith tactics." *Shannon*, 186 F.3d at 192 (citation and alternations omitted). Accordingly, the District Court's rulings with respect to Escobar's counterclaims do not merge with the judgment, and "we lack jurisdiction to consider [them]." *Id.* at 193.

We have reviewed all of the arguments raised by Escobar on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the January 8, 2021, order and January 14, 2021, judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3